JOHN FERRIN *versus* THE CITY OF PORTLAND.

On Feb. 9, 1865, the city of Portland, by its constituted authorities, ordered, that to each person volunteering on its quota there should be paid certain specific bounties, upon being mustered in, " and to any citizen of Portland, mustered in as aforesaid, there shall be paid the additional sum of fifty dollars when mustered out." The order also provided that it " shall be in force and effect, and the treasurer be authorized to pay the bounties it contemplates, as soon as the Legislature shall enact a law, under the operation of which the legality of said bounties shall be unquestioned;" — *Held*, that the order cannot be regarded as within § 1, c. 298, of the Public Laws of 1865, and that the fifty dollar bounty was not thereby made valid.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding. Defendant demurred and the plaintiff joined. The pre-

Ferrin *v.* City of Portland.

siding Judge overruled the demurrer, *pro forma*, and the defendant excepted.

The remaining facts appear in the opinion.

*Drummond*, for the defendants.

*Howard & Cleaves*, for the plaintiff.

The promise on the part of the city was full and complete, on the day the order was passed. It was to pay as soon as the order was legalized. Actual payment was withheld until legalization. The vote was legalized Feb. 17, 1865, and took effect as of Feb. 9, so that those who enlisted prior or subsequent to Feb. 17, were entitled to the bounties specified. The order must be considered as "past doings" of the city under § 1, c. 298, Public Laws of 1865, (approved Feb. 17, 1865.) Section 6 does not refer to "past doings," but to future. The defendants' demurrer admits the allegation in the writ that the "vote was legalized" and is conclusive.

APPLETON, C. J.—On the 9th day of February, 1865, the city of Portland, by its constituted authorities, passed the following vote.

"Ordered, that to each man who shall be accepted into the service of the United States, on the quota of this city under the call of December 19, 1864, either personally or by substitute, whether by volunteering or by draft, shall be paid a bounty as follows, to wit, — for one year's service, $300; for two years' service, $400; for three years' service, $500; such bounties to be paid on his being mustered into the service of the United States, and, to any citizen of Portland, who may be mustered into the service, as aforesaid, there shall be paid the additional sum of $50, when said recruit shall be mustered out of the service, or to his legal heirs in case of the death of said recruit in the service.

"The foregoing provision shall be in force and effect, and the treasurer be authorized to pay the bounties, it contem-

plates, *as soon as the Legislature of the State shall enact a law*, under the operation of which, the legality of said bounties shall be unquestioned."

The vote of the city was not absolute. It was prospective and conditional. It did not purport to give any authority, at the date of its passage, to the treasurer to pay any bounties. If an offer, it was not to have any force and effect, until the Legislature should enact a law, by virtue of which " the legality of said bounties shall be unquestioned." Whatever law should be passed on the subject, the vote of the city by its express terms would not be effectual until and after its passage.

By the Act of Feb. 17, 1865, c. 298, § 1, it is enacted that " the past doings of cities, towns and plantations, in offering, paying and agreeing to pay, and in raising and providing means to pay bounties to, and all notes and town orders given by the municipal officers of any city, town or plantation in pursuance of a previous vote, for the benefit of volunteers, drafted men or substitutes of drafted and enrolled men, who have been or shall hereafter be actually mustered into the military or naval service of the United States are hereby made valid."

The vote of the city of Portland can hardly be regarded as within § 1, for it was not to take effect at its passage, but subsequently, when a law authorizing it should have been enacted. It would never take effect if no law authorizing such a vote should be passed, and when passed it would only be effective according to the terms of such law.

By § 6, " authority is *hereby* conferred upon cities, towns and plantations to offer, pay and agree to pay bounties to volunteers, drafted men or substitutes required to fill the quotas under any call for soldiers by the president or government of the United States heretofore made, when such volunteers, drafted men or substitutes have been or shall *hereafter* be actually mustered into the military or naval service of the United States, and to assume and pay to persons or associations, when they have advanced the bounty,

or have by private subscription given a bounty, to such volunteer, drafted man or substitute; *provided*, that no city, town or plantation, *is authorized by the provisions of this Act* to *hereafter* offer, pay or agree to pay as bounty for any volunteer, drafted man or substitute, a sum exceeding three hundred dollars for the first year, the person so enlisted or drafted shall be mustered for, and one hundred dollars for each additional year," &c.

The plaintiff was an inhabitant of Portland, who, on the 6th of March, 1865, was mustered into the service of the United States, in which he remained until he was mustered out on Aug. 11, 1865, when he demanded the fifty dollars to be paid on his being mustered out, which was refused, whereupon he commenced this suit.

The vote of the city was of no force and effect prior to the passage of the Act of Feb. 17, 1865, c. 298. It then first became valid, — and only to the extent it received legislative sanction. But by § 6 a limitation is imposed upon the amount of the bounties to be offered and paid. The vote of the city had no " force or effect" until after the passage of the Act under consideration. The authority conferred was limited to a specific sum, which cities, towns and plantations were prohibited from exceeding. The plaintiff has received the sum the city was authorized to offer at the date of his enlistment. The city of Portland, by the terms of the Act under and by force of which alone their vote has any validity, must be restricted to the sums thereby authorized, and this suit cannot be maintained.

*Declaration bad.* — *Judgment for defendants.*

KENT, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.